IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

BRIAN HAMILTON,

            Plaintiff,

v.                                             CIVIL ACTION NO.  5:06-cv-00571

PEACHTREE RIDGE MINING COMPANY
and DENNIS MOSES,

            Defendants.

## MEMORANDUM OPINION & ORDER

Pending before the Court are Plaintiff's Motion to Remand pursuant to 28 U.S.C. § 1445(c) and Motion for Attorney Fees and Costs [Docket 6]. For the reasons discussed below, the Court **GRANTS** Plaintiff's motion to remand, but **DENIES** Plaintiff's motion for attorney fees and costs.

On June 16, 2006, Plaintiff filed a complaint in Raleigh County Circuit Court against Defendants alleging that Defendants unlawfully discharged Plaintiff because of his attempt to exercise his rights under the West Virginia Worker's Compensation Act ("WVWCA"). The retaliatory discharge claim, as well as other causes of action related to retaliation set forth in the complaint were explicitly pled pursuant to the WVWCA, W. VA. CODE § 23-5A-1, *et seq*. Defendants removed the case on July 21, 2006, and Plaintiff filed this motion to remand and motion for attorney fees and costs on August 18, 2006.

This Court "must remand a civil action if [it] does not have jurisdiction or if an Act of Congress expressly prohibits removal." *Thorne v. WLR Foods, Inc.*, 111 F. Supp. 2d 744, 745 (N.D. W. Va. 2000) (citing 28 U.S.C. § 1447(c), 1441(a)). Pursuant to 28 U.S.C. § 1445(c), "[a] civil action in any State court arising under the workmen's compensation laws of such State may not be

removed to any district court of the United States." Therefore, if Plaintiff's claim arises under the WVWCA, removal is prohibited. In deciding whether to remand, the Court must consider that it "should resolve all doubts, concerning the validity of a removed civil action, in favor of remand." *Thorne*, 111 F. Supp. 2d at 745 (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 425 (4th Cir. 1999)).

An action arises under the workers' compensation laws when it is "integrally related to the operation of [the] workers' compensation system . . . [and] protect[s] or enhance[s] the ability of workers to obtain compensation benefits . . . ." *Arthur v. E.I. DuPont de Nemours & Co., Inc.*, 58 F.3d 121, 127 (4th Cir. 1995) (holding that a "deliberate intent" claim did not arise out of the workmen's compensation laws because it was not integrally related to the workers' compensation system and did not protect or enhance the ability of workers to obtain compensation benefits). While the Fourth Circuit has not expressly held that a retaliatory discharge claim arises under "workmen's compensation laws," it has analyzed the distinction between a retaliatory discharge and a "deliberate intent" claim, and concluded in dicta that "[t]he action for retaliatory discharge is integrally related to the just and smooth operation of the workers' compensation system; it insures that those seeking compensation benefits are not scared out of making claims." *Id.* at 127. Furthermore, a retaliatory discharge claim "aids the overriding purpose of providing fixed, no-fault benefits for workplace injuries." *Id.*

Given that language, the Northern District of West Virginia analyzed this precise issue and held that the Fourth Circuit's analysis in *Arthur* is persuasive and a cause of action for retaliatory discharge arises under the WVWCA "because a cause of action for retaliatory discharge, for filing

workers' compensation benefits, is integrally related to the intricacies of the WVWCA . . . ." *Thorne*, 111 F. Supp. 2d at 748.

Similarly, it has been held in this district that retaliatory discharge claims arise under the WVWCA. *See Blair v. Schott Scientific Glass Co.*, 945 F. Supp. 123 (S.D. W. Va. 1996); *Husk v. E.I. Du Pont De Nemours and Co.*, 842 F. Supp. 895 (S.D. W. Va. 1994); *Thomas v. Kroger Co.*, 583 F. Supp. 1031, 1037 (S.D. W. Va. 1984). Although the cases within this district do not provide an in-depth analysis of the issue before the Court, their holdings are implicitly consistent with *Arthur* and should be followed. Both the prior holdings in this district, and the Northern District's analysis in *Thorne* comport with the Fourth Circuit's language in *Arthur*, and in this Court's view, support a finding that a statutory retaliation claim[1] is integrally related to the operation of the workers' compensation system.

Similar to the Northern District of West Virginia in *Thorne*, this Court recognizes that there is a split in the Circuits on this issue. *Compare Reed v. Heil Co.*, 206 F.3d 1055, 1060 (11th Cir. 2000) *with, Spearman v. Exxon Coal USA, Inc.*, 16 F.3d 722, 725-26 (7th Cir. 1994). However, given (1) the precedent in this district; (2) the reasons given by the Fourth Circuit in *Arthur* that a "deliberate intent" claim does not arise under the workers' compensation laws; (3) the *Arthur* court's discussion that a retaliatory discharge claim is integrally related to the workers' compensation laws; (4) the Northern District of West Virginia's interpretation of *Arthur*; (5) that the cause of action for retaliation exists because of its creation under the WVWCA; and (5) the fact that all doubts should

---

[1]Although Plaintiff could have brought this action under a theory of common law public policy wrongful discharge, W. VA. CODE § 23-5A-1 specifically establishes a cause of action for retaliatory discharge and exists as a part of the WVWCA. *See Harless v. First Nat'l Bank in Fairmont*, 289 S.E.2d 692 (W. Va. 1982).

be resolved in favor of remand,[2] this Court agrees that a statutory retaliation claim is integrally related to the "workmen's compensation laws" and that such a claim protects and enhances the ability of workers to obtain compensation benefits. Accordingly, Plaintiff's claim arises out of the WVWCA and is not removable.

Plaintiff also requests that Defendants be required to pay his costs and expenses incurred as a result of the removal and remand of this action. Plaintiff's request is **DENIED**. Under 28 U.S.C. § 1447(c), such an award is discretionary. ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). This case presented an issue in which Defendants argued that this Court should adopt a rule that is the subject of a circuit split and an issue that the Fourth Circuit has not expressly ruled upon. The Court **FINDS** that Defendants' argument was made in good faith, and that Defendants had an objectively reasonable basis for removal. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005). Thus, an award of attorney fees and costs is not appropriate.

For the reasons stated above, Plaintiff's Motion to Remand is **GRANTED**, but Plaintiff's Motion for Attorney Fees and Costs is **DENIED** [Docket 6]. The Court **REMANDS** this case to the Circuit Court of Raleigh County for further proceedings.[3]

---

[2] *See Hartley*, 187 F.3d at 425 ("Further, courts should 'resolve all doubts about the propriety of removal in favor of retained state court jurisdiction . . . .'") (citation omitted).

[3] Because the Court remanded the case based on 28 U.S.C. §1445(c), the Court need not reach the fraudulent joinder issue.

The Court **DIRECTS** the Clerk to send copies of this Memorandum Opinion and Order to all counsel of record and any unrepresented party and a certified copy to the Clerk of the Circuit Court of Raleigh County.

    ENTER:    December 18, 2006

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE